16-4132
Miranda Perez v. Garland

BIA
Hom, IJ
A205 401 464

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of April, two thousand twenty-one.

PRESENT:
        PIERRE N. LEVAL,
        ROSEMARY S. POOLER,
        GERARD E. LYNCH,
            *Circuit Judges.*

_____

GLENDA MIRANDA PEREZ, AKA GLENDA
VIVIANA MIRANDA PEREZ,
        *Petitioner*,

        v.                                      16-4132
                                                NAC
MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
        *Respondent.*[1]

_____

FOR PETITIONER:            Alyssa H. Manlowe, Benjamin A.

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Merrick B. Garland is automatically substituted as Respondent.

Butzin-Dozier, Justin S. Kirschner, Latham & Watkins LLP, New York, NY.

**FOR RESPONDENT:** Jeffrey Bossert Clark, Acting Assistant Attorney General; Leslie McKay, Greg D. Mack, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Glenda Miranda Perez, a native and citizen of Guatemala, seeks review of a November 10, 2016, decision of the BIA affirming a March 22, 2016, decision of an Immigration Judge ("IJ") denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Glenda Miranda Perez,* No. A 205 401 464 (B.I.A. Nov. 10, 2016), *aff'g* No. A205 401 464 (Immig. Ct. N.Y. City Mar. 22, 2016). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA, i.e., minus the IJ's finding that Miranda Perez made a different claim at her

2

border interview. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the adverse credibility determination. *See Hong Fei Gao*, 891 F.3d at 76.

The IJ and BIA reasonably relied on inconsistencies between Miranda Perez's affidavit and her testimony regarding the domestic violence she allegedly suffered in Guatemala.

*See* 8 U.S.C. § 1158(b)(1)(B)(iii).  In her affidavit, Miranda Perez stated that she was first attacked on February 25, 2012.  But, just three months after attesting to this exact date, she testified inconsistently that she could not remember the date of the attack because it had occurred so long ago.  Her affidavit and testimony further differed as to where the attacks occurred (inside or outside her home), how many times she was physically attacked, and what was used to attack her.  Given these inconsistencies, as well as her changing reasons for not requesting help at the hospital or from the police, the adverse credibility determination is supported by substantial evidence.  *See Xian Tuan Ye v. Dep't of Homeland Security*, 446 F.3d 289, 295 (2d Cir. 2006) (holding that "a material inconsistency in an aspect of [petitioner]'s story that served as an example of the very persecution from which he sought asylum . . . afforded substantial evidence to support the adverse credibility finding" (internal quotation marks and citations omitted)).  The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims were based on this same discredited factual predicate.  *See Paul v.*

4

*Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

The agency's denial of Miranda Perez's motion for her parents to testify by telephone from Guatemala does not compel a contrary conclusion or violate due process. "To establish a violation of due process, an alien must show that she was denied a full and fair opportunity to present her claims or that [she was] otherwise deprived . . . of fundamental fairness," *Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007) (internal quotation marks omitted), and that there was "cognizable prejudice fairly attributable to the challenged process," *Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008) (internal quotation marks omitted). First, the IJ denied the motion because of technological limitations and, although the IJ noted a possibility of arranging a call from the U.S. Consulate or Embassy in Guatemala, counsel did not request a continuance to attempt do so. Second, the IJ did not rely on the absence of this testimony to question Miranda Perez's credibility, referencing it only in the context of an alternative conclusion that Miranda Perez's claim was lacking in proof, mainly as to whether the authorities would have been able or willing to control her

5

persecutor.  *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 342 (2d Cir. 2006) ("[P]rivate acts may be persecution if the government has proved unwilling to control such actions.").  Third, as the BIA noted, her parents' testimony would not have resolved the inconsistencies between her affidavit and her testimony because they did not have first-hand knowledge of the attacks or her interaction with her doctor.  *See Garcia-Villeda*, 531 F.3d at 149.

Because the inconsistencies provide substantial evidence for the adverse credibility determination, we find no basis for remand because, even crediting her parents' affidavits, she was not credible as to the alleged abuse.  *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 107 (2d Cir. 2006) (holding that remand is not required when "reviewing panel is confident that the agency would reach the same result upon a reconsideration cleansed of errors" (footnote omitted)).  To the extent that Miranda Perez asserts that the agency ignored a pharmacy receipt confirming medical treatment on February 25, the agency is not required to parse each piece of evidence and the receipt does not resolve any inconsistencies.  *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 336 n.17

("[W]e presume that an IJ has taken into account all of the evidence before him, unless the record compellingly suggests otherwise.").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court